# Exhibit F

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ELIZABETH UGBODE

vs.

STEVEN OLIVER

NO. 2022-16508

## <u>COVER SHEET OF MOVING PARTY</u>

Date of Filing <u>May 08  2023</u>

Moving Party <u>STEVEN OLIVER</u>

Counsel for Moving Party <u>SALVATORE A VILARDI, Esq., ID: 84718</u>

Document Filed (Specify) <u>MOTION FOR LATE JOINDER</u>

Matter is: _ (Appealable)                    <u>X</u> (Interlocutory)

Discovery Needed: __ (Yes)                    __ (No)

If applicable, Civil Case Management Order Discovery Deadline: _____

----------------------------------------------------------------------------------------------------

**CERTIFICATIONS -** Check **ONLY** if appropriate:
_ Counsel certify that they have conferred in a good faith effort to resolve the subject
     <u>discovery</u> dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

_ Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all
     parties involved in the case.  (If checked, skip Rule to Show Cause section below.)

By: _____
Counsel for Moving Party
----------------------------------------------------------------------------------------------------

**RULE TO SHOW CAUSE -** Check **ONE** of the Choices Listed Below:

_____ Respondent is directed to show cause why the moving party is not entitled to the relief
requested by filing an **answer** in the form of a **written response** at the **Office of the  Prothonotary** on or
before the                    day of                         20___.

_____ Respondent is directed to show cause, in the form of a **written response**, why the
attached Family Court Discovery Motion is not entitled to the relief requested.  Rule    Returnable and
Argument the           day of                    , 20___
at **1:00 p.m.**  at **321 Swede Street, Norristown, PA**.

_____ Respondent is directed to file a **written response** in conformity with the Pennsylvania
Rules of Civil Procedure.

_____ Rule Returnable at time of trial.

By: _____
Court Administrator

Revised 06.19

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| Elizabeth Ugbode and Bruce Ugbode, | : COURT OF COMMON PLEAS |
| | : MONTGOMERY COUNTY, |
| Plaintiffs | : PENNSYLVANIA |
| | : |
| v. | : NO: 2022-16508-0 |
| | : |
| Steven Oliver and | : |
| Carol J. Mahoney, | : |
| | : |
| Defendants | : |
| | |
| v. | |
| | |
| Newell Landscaping, | |
| | |
| Additional Defendant | |

## O R D E R

**AND NOW**, this_____ day of _____ 2023, upon consideration of the

Motion of Defendant, Steven Oliver, to Permit Late Joinder of Additional Defendant,

Newell Landscaping, and any Response thereto, it is hereby **ORDERED** and **DECREED**

that said Motion is **GRANTED**.

It is hereby **ORDERED** that Defendant, Steven Oliver, is hereby granted leave to

file a Joinder Complaint against Additional Defendant, Newell Landscaping, within twenty

(20) days of the date of entry of this Order.

**BY THE COURT:**

_____

**J.**

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

CIPRIANI & WERNER, P.C.
**Salvatore Vilardi, Esq.**
Attorney ID# 84718
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700
svilardi@c-wlaw.com

| | | |
|---|---|---|
| Elizabeth Ugbode and Bruce Ugbode, | : | COURT OF COMMON PLEAS |
| | : | MONTGOMERY COUNTY, |
| Plaintiffs, | : | PENNSYLVANIA |
| | : | |
| v. | : | NO: 2022-16508-0 |
| | : | |
| Steven Oliver and | : | |
| Carol J. Mahoney, | : | |
| | : | |
| Defendants. | : | |

## MOTION OF DEFENDANT, STEVEN OLIVER, TO PERMIT LATE JOINDER OF ADDITIONAL DEFENDANT, NEWELL LANDSCAPING

Defendant, Steven Oliver (hereinafter "Moving Defendant"), by and through his attorneys, Salvatore Vilardi, Esquire and Cipriani & Werner, P.C., hereby moves this Honorable Court to enter an Order permitting late joinder of Additional Defendant, Newell Landscaping, and in support thereof, avers as follows:

1.     On August 3, 2022, Plaintiffs, Elizabeth Ugbode and Bruce Ugbode, filed a Complaint in negligence against Moving Defendant and Defendant Mahoney seeking recovery for bodily injuries and damages sustained by Elizabeth Ugbode as a result of an alleged February 3, 2021 ice related slip and fall that occurred on a driveway shared by property located at 1225 and 1227 Rebel Hill Road in Conshohocken, Pennsylvania. Bruce Ugbode has raised a loss of consortium claim. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit A.

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2.      According to the Court's docket, Moving Defendant was served with the Complaint on September 20, 2022.

3.      The Complaint alleges that Elizabeth Ugbode was employed by Horizon House and was in the course and scope of her employment at the time of the incident. Exhibit A, see paragraph 6

4.      Moving Defendant and Defendant Mahoney owned the premises located at 1227 Rebel Hill Road.  The property was leased to Horizon House, Inc.   A true and correct copy of Defendant Oliver's Answer to the Complaint is attached as Exhibit B, see paragraph 4.

4.      At all relevant times, Moving Defendant had entered into an agreement with Additional Defendant for snow and ice removal service at the subject premises. On the day of the purported incident, Additional Defendant visited the property twice to perform snow and ice remediation.  A true and correct copy of Additional Defendant's invoice for services is attached as Exhibit C.

5.      Pa. R.C.P. 2252 provides, in relevant part:

    1.      solely liable on the underlying cause of action against the joining party, or

        *                    *                    *

    2.      liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.

Pa. R.C.P. 2252(a) 2010 (rescinded subsections omitted).

6.      While a defendant may join additional parties as of right 60 days from service of the plaintiff's initial pleading, pursuant to Pennsylvania Rule of Civil

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Procedure 2253, a defendant may also join an additional defendant upon approval of the Court after the expiration of 60 days, where the joinder will not impose a hardship on additional defendant or prejudice its substantive rights.  See Pa. R.C.P. 2253.

7.    On a motion to permit late joinder, the court should liberally and broadly interpret the applicable rules to secure the just, speedy, and inexpensive determination of every action or proceeding in which they are applicable. Coppage v. Smith, 113 A.2d 247 (Pa. 1955); see also Martinelli v. Mulloy, 299 A.2d 19 (Pa. Super. 1972).

8.    Rule 2253 permits an untimely filing only upon cause shown.  To justify late joinder, the petitioner defendant must show, (1) some reasonable justification or excuse for the delay; (2) a statement of the facts alleged render the proposed additional defendant alone liable, or liable with or liable over to the defendant, or liable to the defendant on a proper cross-claim; and (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant. Consul v. Burke, 403 Pa. Super. 400, 589 A.2d 246 (1990); see also Lawrence v. Meeker, 717 A.2d 1046, 1048 (Pa. Super. 1998) (citing Francisco v. Ford Motor Co., 593 A.2d `277, 1278 (Pa. Super. 1991).

9.    As alleged by Plaintiffs, the alleged incident occurred on property for which Additional Defendant agreed to, and did, perform snow and ice remediation.

10.    Accordingly, Additional Defendant is potentially solely liable for the underlying cause of action or, at a minimum, liable to or with Moving Defendant for Plaintiffs' purported losses.

11.    The discovery period in this matter has not yet concluded and, to date, depositions have not been taken.

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

12.    Thus, the joinder of Newell Landscaping at this time will not create a hardship on the proposed Additional Defendant, nor will Additional Defendant's rights be prejudiced by said joinder to this action.

13.    Additionally, joinder of Newell Landscaping will promote judicial economy by allowing concomitant resolution of Plaintiffs' claims and Moving Defendants' claims for contribution and indemnity against Newell Landscaping.

14.    Moving Defendant respectfully attaches hereto a proposed Joinder Complaint marked as Exhibit D.

**WHEREFORE**, Moving Defendant, Steven Oliver, respectfully requests that this Honorable Court grants his Motion to Permit Late Joinder of Newell Landscaping as an Additional Defendant in this matter.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:    */s/ Salvatore Vilardi*
       Salvatore Vilardi, Esquire
       Attorney for the Defendant
       Steven Oliver

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>CERTIFICATE OF SERVICE</u>

That counsel for the Defendant, Steven Oliver, hereby certifies that a true and correct copy of its ***Motion to Permit Late Joinder of Newell Landscaping with Supporting Memorandum of Law*** has been served on all counsel of record, by electronic mail from the Court, according to the Pennsylvania Rules of Civil Procedure, on the 8th day of May 2023.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:    ***/s/ Salvatore Vilardi***
Salvatore Vilardi, Esquire
Attorney for the Defendant
Steven Oliver

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

CIPRIANI & WERNER, P.C.
**Salvatore Vilardi, Esq.**
Attorney ID# 84718
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700
svilardi@c-wlaw.com

| | | |
|---|---|---|
| Elizabeth Ugbode and Bruce Ugbode, | : | COURT OF COMMON PLEAS |
| | : | MONTGOMERY COUNTY, |
| Plaintiffs, | : | PENNSYLVANIA |
| | : | |
| v. | : | NO: 2022-16508-0 |
| | : | |
| Steven Oliver and | : | |
| Carol J. Mahoney, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT, STEVEN OLIVER, TO PERMIT LATE JOINDER OF ADDITIONAL DEFENDANT, NEWELL LANDSCAPING

**I.    MATTER BEFORE THE COURT**

Before this Honorable Court is the Motion of Moving Defendant, Steven Oliver, (hereinafter "Moving Defendant"), for Leave of Court to Join Newell Landscaping as an Additional Defendant to this matter.

**II.    QUESTION PRESENTED**

      1.    Whether Newell Landscaping should be joined as an Additional Defendant because it is potentially solely liable on the underlying cause of action, or at the very minimum, liable to or with Moving Defendants?

      ***Suggested Answer***: **Yes**.

**III.    FACTS**

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

On August 3, 2022, Plaintiffs, Elizabeth Ugbode and Bruce Ugbode, filed a Complaint in negligence against Moving Defendant and Defendant Mahoney seeking recovery for bodily injuries and damages sustained by Elizabeth Ugbode as a result of an alleged February 3, 2021 ice related slip and fall that occurred on a driveway shared by property located at 1225 and 1227 Rebel Hill Road in Conshohocken, Pennsylvania. Bruce Ugbode has raised a loss of consortium claim. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit A.

According to the Court's docket, Moving Defendant was served with the Complaint on September 20, 2022.

The Complaint alleges that Elizabeth Ugbode was employed by Horizon House and was in the course and scope of her employment at the time of the incident. Exhibit A, see paragraph 6

At all times relevant, Moving Defendant and Defendant Mahoney owned the premises located at 1227 Rebel Hill Road. The property was leased to Horizon House, Inc. A true and correct copy of Defendant Oliver's Answer to the Complaint is attached as Exhibit B, see paragraph 4.

At the time of the alleged incident, Moving Defendant had entered into an agreement with Additional Defendant for snow and ice removal service at the subject premises. On the day of the purported incident, Additional Defendant visited the property twice to perform snow and ice remediation. A true and correct copy of Additional Defendant's invoice for services is attached as Exhibit C.

IV. **LEGAL STANDARD**

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Joinder of an additional person or party as a defendant is proper if that person is not a party to the action and may be:

1.    solely liable on the underlying cause of action against the joining party, or

\*                            \*                            \*

4.    liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.

<u>See</u> Pa. R.C.P. 2252(a) 2010 (rescinded subsections omitted).

While a defendant may join additional parties as of right 60 days from service of the plaintiff's initial pleading, pursuant to Pennsylvania Rule of Civil Procedure 2253, a defendant may also join an additional defendant upon approval of the Court after the expiration of 60 days, where the joinder will not work a hardship on additional defendant or prejudice its substantive rights.  <u>See</u> Pa. R.C.P. 2253.

## V.    <u>LEGAL ARGUMENT</u>

On a motion to permit late joinder, the court should liberally and broadly interpret the applicable rules to secure the just, speedy and inexpensive determination of every action or proceeding in which they are applicable. <u>Coppage v. Smith</u>, 113 A.2d 247 (Pa. 1955); <u>see also</u> <u>Martinelli v. Mulloy</u>, 299 A.2d 19 (Pa. Super. 1972). Rule 2253 permits an untimely filing only upon cause shown.  To justify late joinder, the petitioner defendant must show, (1) some reasonable justification or excuse for the delay; (2) a statement of the facts alleged render the proposed additional defendant alone liable, or liable with or liable over to the defendant, or liable to the defendant on a proper cross-claim; and (3) allegations that the late joinder will not be prejudicial to the proposed

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

additional defendant. <u>Consul v. Burke</u>, 403 Pa. Super. 400, 589 A.2d 246 (1990); <u>see also</u> <u>Lawrence v. Meeker</u>, 717 A.2d 1046, 1048 (Pa. Super. 1998) (citing <u>Francisco v. Ford</u> <u>Motor Co.</u>, 593 A.2d `277, 1278 (Pa. Super. 1991).

Newell Landscaping, as the entity responsible for snow and ice remediation, is potentially solely liable for the underlying cause of action or, at a minimum, liable to or with Moving Defendant for Plaintiffs' purported losses. The discovery period in this matter has not yet concluded and no depositions have been completed to date. Therefore, the joinder of Newell Landscaping at this time will not create a hardship on the proposed Additional Defendants, nor will Additional Defendant's rights be prejudiced by said joinder to this action.

Additionally, joinder of Newell Landscaping will promote judicial economy by allowing concomitant resolution of Plaintiffs' claims and Moving Defendant's claims for contribution and indemnity against Newell Landscaping. A proposed Joinder Complaint is attached hereto as Exhibit D.

## VI.    **RELIEF REQUESTED**

Moving Defendant, Steven Oliver, respectfully requests that this Honorable Court grants its Motion to Permit Late Joinder of Newell Landscaping as an Additional Defendant in this matter.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:    **/s/ Salvatore Vilardi**
Salvatore Vilardi, Esquire
Attorney for the Defendant
Steven Oliver

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

That counsel for the Defendant, Steven Oliver, hereby certifies that a true and correct copy of its ***Motion to Permit Late Joinder of Newell Landscaping with Supporting Memorandum of Law*** has been served on all counsel of record, by electronic mail from the Court, according to the Pennsylvania Rules of Civil Procedure, on the 8th day of May 2023.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:     ***/s/ Salvatore Vilardi***
        Salvatore Vilardi, Esquire
        Attorney for the Defendant
        Steven Oliver

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT "A"

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ELIZABETH UGBODE

vs.

STEVEN OLIVER

NO.  2022-16508

## <u>NOTICE TO DEFEND - CIVIL</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ELIZABETH UGBODE

vs.

STEVEN OLIVER

NO.  2022-16508

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:   JEFFREY S GILLMAN, Esq., ID: 310578

Self-Represented (Pro Se) Litigant  ☐

**Class Action Suit**          ☐ Yes          ☒ No

**MDJ Appeal**          ☐  Yes          ☒  No                    **Money Damages Requested**  ☒

**Commencement of Action**:                                        **Amount in Controversy**:

Complaint                                                         More than $50,000

## Case Type and Code

Tort: _____

Premises Liability _____

**Other:** _____

Case# 2022-16508-0 Docketed at Montgomery County Prothonotary on 05/03/2023 12:44 PM, Fee = $90.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

DocuSign Envelope ID: 7706CDDB-895A-45B2-B40F-9646083DF4BF

Goldenberg, Silverman, Gillman & Binder
BY: Jeffrey S. Gillman, Esq.
ID No., 310578
Suite 1506
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 563-6067
Attorney for Plaintiff

MAJOR JURY

| | | |
|---|---|---|
| ELIZABETH UGBODE | : | COURT OF COMMON PLEAS |
| 114 Hurley Avenue | : | MONTGOMERY COUNTY |
| Aldan, PA 19018 | : | |
| and | : | |
| BRUCE UGBODE | : | TERM, 2022 |
| 114 Hurley Avenue | : | |
| Aldan, PA 19018 | : | |
| v. | : | |
| STEVEN OLIVER and | : | |
| CAROL J. MAHONEY | : | |
| 425 Little Brook Road | : | NO. |
| Berwyn, PA 19312 | : | |

## COMPLAINT-CIVIL ACTION-PERSONAL INJURIES
## PLAINTIFF, ELIZABETH UGBODE v.
## DEFENDANTS, STEVEN OLIVER and CAROL J. MAHONEY

1.     The plaintiff, Elizabeth Ugbode, is an adult individual who currently resides at

114 Hurley Avenue, Aldan, PA 19018.

2.     The plaintiff, Bruce Ugbode, is an adult individual who currently resides at 114

Hurley Avenue, Aldan, PA 19018.

3.     The defendants, Steven Oliver and Carol J. Mahoney, are adult individuals who

currently reside at 425 Little Brook Road, Berwyn, PA 19312.

4.     Upon information and belief, and at all times relevant hereto, the defendants,

Steven Oliver and Carol J. Mahoney owned, controlled, possessed, managed, leased and/or was

DocuSign Envelope ID: 7706CDDB-895A-45B2-B40F-9646083DF4BF

otherwise responsible for the maintenance of the real property located at 1227 Rebel Hill Road, Conshohocken, PA 19428. ("the property").

5.      Upon information and belief, and at all times relevant hereto, the defendants, Steven Oliver and Carol J. Mahoney, owned, controlled, possessed, managed, leased and/or was otherwise responsible for the maintenance of the real property located at 1225 Rebel Hill Road, Conshohocken, PA 19428.

6.      At all times relevant hereto, the plaintiff, Elizabeth Ugbode was employed by the Hoziron House and she was in the course and scope of her employment at the time of the subject accident.

7.      On or about February 3, 2021 at approximately 10:50 p.m., the plaintiff parked her car in the driveway shared by 1225 and 1227 Rebel Hill Road to begin work.

8.      As she exited her car and attempted to make her way to 1227 Rebel Hill Road to begin her shift as a residential care taker, she slipped on ice, causing her to fall.

9.      At all times relevant hereto, the plaintiff acted in a careful, cautious, reasonable and prudent manner and was free from any comparative negligence and he did not in any manner assume the risk of injury and/or accident.

10.     At a time prior to the incident, the defendants had constructive and/or actual notice of the defective and hazardous condition of the property including but not limited to the dangerous condition of the driveway surface and the icy conditions.

11.     The incident and the plaintiff's resulting injuries were directly and proximately caused by the negligence of the defendant and were due in no manner to any act or omission to act on the part of the plaintiff.

12.     At all times material hereto, the plaintiff did not assume the risk of injuries.

DocuSign Envelope ID: 7706CDDB-895A-45B2-B40F-9646083DF4BF

13.     At all times material hereto, the plaintiff was an invitee lawfully upon the defendants' premises.

14.     At all times material hereto, the defendants owed a duty to the plaintiff to maintain the premises in a state free of dangerous and defective conditions that could be hazardous.

15.     At the aforesaid time and place, the defendants, breached their duty to the plaintiff.

16.     The aforementioned incident and the resulting injuries and damages sustained by the plaintiff were directly and proximately caused by the negligence, and carelessness of the defendants by and through their agents, servants and/or employees, which consisted of, but were not limited to the following:

a.     Failing to regard the rights, safety and position of the plaintiff in and about the area of the aforementioned accident;

b.     Failing to utilize reasonable care in the area where the plaintiff fell so as to lessen or eliminate the hazardous and dangerous condition of the aforementioned icy driveway;

c.     Failing to utilize reasonable care in the inspection, maintenance, and/or repair of the premises in question;

d.     Failing to implement and/or execute a proper snow and ice removal program in order to keep the parking area safe and clear;

e.     Failing to ensure the parking lot was properly maintained;

f.     Allowing the icy condition to exist where the defendants knew or should have known that the plaintiff would be walking;

DocuSign Envelope ID: 7706CDDB-895A-45B2-B40F-9646083DF4BF

g.     Failing to issue any warning, verbal, written, actual and or constructive to the public of the dangerous condition of the driveway in and about the area of the Plaintiff's aforementioned accident;

h.     Failing to post adequate warning signs, barriers and/or barricades in an effort to alert the public of the dangerous condition which existed;

17.     Solely by reason of the aforesaid negligence, and carelessness of the defendants, and as a result of the accident, the plaintiff suffered injuries which are and may be serious and permanent resulting in permanent serious disfigurement and/or serious impairment of a bodily function including, but not limited to injuries such as: Lumbar disc herniation; lumbar radiculopathy; lumbosacral strain and sprain; bursitis of the left hip; left hip contusion; left rotator cuff tendinitis and subacromial bursitis; left shoulder contusion and strain and sprain.

18.     Solely by reason of the aforesaid negligence and carelessness of the defendants, and as a result of the injuries sustained by the plaintiff, the plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums of money for the injuries sustained and, due to the nature of the injuries, may continue to expend money for some time in the future and claim is made therefore.

19.     Solely by reason of the aforesaid negligence and carelessness of the defendants, and as a result of the injuries sustained by the plaintiff, the plaintiff has or may hereinafter incur other financial expenses or losses for which claim is made therefore.

20.     Solely by reason of the aforesaid negligence and carelessness of the defendants, and as a result of the injuries sustained by the plaintiff, the plaintiff has been, and in the future will be, subjected to great humiliation and embarrassment and has undergone, and in the future

DocuSign Envelope ID: 7706CDDB-895A-45B2-B40F-9646083DF4BF

will undergo, great physical and mental suffering and great inconvenience in carrying out daily activities, loss of life's pleasures, and enjoyment, and claim is made therefore.

21.    Solely by reason of the aforesaid negligence, and carelessness of the defendants, and as a result of the injuries sustained by the plaintiff, the plaintiff has sustained work loss, loss of opportunity, loss of earning capacity, and a permanent diminution of earning power and claim is made therefore.

22.    The plaintiff continues to be plagued by persistent pain and limitation and therefore avers that the injuries are of a permanent nature, causing residual problems for the remainder of Plaintiff's lifetime and claim is made therefore.

WHEREFORE, the plaintiff, Elizabeth Ugbode, demands judgment against the defendants, Steven Oliver and Carol J. Mahoney in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT TWO – LOSS OF CONSORTIUM
## BRUCE UGBODE v. STEVEN OLIVIER and CAROL J. MAHONEY

23.    Plaintiff, Bruce Ugbode, hereby incorporates paragraphs one through twenty-two of this Complaint as though the same were fully set forth herein at length.

24.    At all times relevant hereto, Bruce Ugbode was and is the husband of Elizabeth Ugbode.

25.    As a result of the injuries to his wife, the husband-plaintiff, Bruce Ugbode, has and may continue to lose the services, companionship and consortium of his wife, Elizabeth Ugbode, all to his great financial detriment and loss.

Case# 2022-16508-0 Docketed at Montgomery County Prothonotary on 05/02/2023 12:44 PM Fee $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

WHEREFORE, the plaintiff, Bruce Ugbode, demands judgment against the defendants,

Steven Olivier and Carol J. Mahoney in an amount in excess of Fifty Thousand Dollars

($50,000.00) exclusive of interest and costs.

**GOLDENBERG, SILVERMAN, GILLMAN & BINDER**

By:_____

**JEFFREY S. GILLMAN, ESQUIRE,**
**Attorney for the Plaintiff**

Case# 2022-16508-0 Docketed at Montgomery County Prothonotary on 08/30/2023 12:40 AM, Fee = $90.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## __VERIFICATION__

The undersigned hereby verifies that the factual statements made in the documents attached hereto are true and correct. The undersigned understands that false statements herein are made subject to the penalties of 19 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

DATE: 8/17/2022 _____

BY: _Eougbode_ _____

ELIZABETH UGBODE

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT "B"

Case# 2022-16508-0 Docketed at Montgomery County Prothonotary on 03/03/2023 12:44 AM, Fee = $0.00, The filed/entered the document within this transmission was accepted for filing and processing by the Montgomery County Office of the Prothonotary. Winfield Scott Mims. Montgomery County Records Center. Official filing copy. Filing reviewed after acceptance. This confidential information and documents are all entered by the Montgomery County Office of the Prothonotary and do not reflect any documents.

TO:     <u>PLAINTIFFS</u>

YOU ARE HEREBY NOTIFIED TO PLEAD TO THE
**NEW MATTER** WITHIN TWENTY (20) DAYS FROM
SERVICE HEREOF OR A DEFAULT JUDGMENT MAY
BE ENTERED.

*Salvatore Vilardi, Esquire*
CIPRIANI & WERNER, P.C.

CIPRIANI & WERNER, P.C.
**Salvatore Vilardi, Esq.**
Attorney ID# 84718
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700
svilardi@c-wlaw.com

| | | |
|---|---|---|
| Elizabeth Ugbode and Bruce Ugbode, | : | COURT OF COMMON PLEAS |
| | : | MONTGOMERY COUNTY, |
| Plaintiffs, | : | PENNSYLVANIA |
| | : | |
| v. | : | NO: 2022-16508-0 |
| | : | |
| Steven Oliver and | : | |
| Carol J. Mahoney, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT STEVEN OLIVER'S ANSWER TO
### <u>PLAINTIFFS' COMPLAINT WITH NEW MATTER</u>

Defendant Steven Oliver (hereinafter "Answering Defendant") by and through his

attorneys, Cipriani & Werner, P.C., and Salvatore Vilardi, Esquire, hereby submit their Answer

and New Matter, to Plaintiffs' Complaint.

1.      Denied.  Answering Defendant is without sufficient knowledge or information as

to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are

denied and strict proof is demanded at Trial.

2.      Denied.  Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are denied and strict proof is demanded at Trial.

3.      Admitted.  It is admitted that Defendants are adults who reside at 425 Little Brook Road, Berwyn, Pennsylvania.

4.      Admitted in part. It is admitted that on the date of the incident alleged in the Complaint, Answering Defendant Steven Oliver and Defendant Mahoney owned the premises located at 1227 Rebel Hill Road, Conshohocken, Pennsylvania.  It is admitted that said property was leased to Horizon House, Inc.  Answering Defendant's obligations regarding same are subject to the lease in effect on the date of the incident.  The remaining allegations are denied as conclusions of law.

5.      Admitted in part. It is admitted that on the date of the incident alleged in the Complaint, Answering Defendant Steven Oliver and Defendant Mahoney owned the premises located at 1227 Rebel Hill Road, Conshohocken, Pennsylvania.  It is admitted that said property was leased to Horizon House, Inc.  Answering Defendant's obligations regarding same are subject to the lease in effect on the date of the incident.  The remaining allegations are denied as conclusions of law.

6.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at Trial.  By way of further response, Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are denied and strict proof is demanded at Trial.

7.      Denied.  Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are denied and strict proof is demanded at Trial.

8.      Denied.  Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are denied and strict proof is demanded at Trial.

9.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at Trial.  By way of further response, Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are denied and strict proof is demanded at Trial.

10.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at the time of Trial.

11.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at the time of Trial.

12.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at the time of Trial.

Case# 2022-16508-TCD Docketed at Montgomery County Prothonotary on 10/18/2023 2:14:44 AM It is the SO ORDERED that the Filer has been sent via Proper Service delivery, to the extent the parties within the proposed filed the filed this filing complies with the confidentiality, privacy and public access policy of the Unified Judicial System of Pennsylvania; Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

13.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at the time of Trial.

14.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at the time of Trial.   By way of further response, on the date of the subject incident, Answering Defendant did not have possession and control of the subject premises.  As such, Answering Defendant owed Plaintiffs no duty.

15.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at the time of Trial.   By way of further response, on the date of the subject incident, Answering Defendant did not have possession and control of the subject premises.  As such, Answering Defendant owed Plaintiffs no duty.

16.     Denied.  The allegations in the corresponding paragraph and its subparts are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at Trial.

17.     Denied.  With respect to the allegations of negligence, carelessness and causation, those are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at Trial.  As for the remaining allegations relating to Plaintiff's alleged injuries/damages, Denied.  Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are denied and strict proof is demanded at Trial.

Case# 2022-16508-TCD Docketed at Montgomery County Prothonotary on 10/19/2023 2:44 AM Please See IMPORTANT NOTICE on last page of this Public Access Policy that identified Unified Judicial System of Pennsylvania Case Records Public Access Policy that requires that filing parties redact certain identifiers from all documents submitted.

18.    Denied.  With respect to the allegations of negligence, carelessness and causation, those are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at Trial.  As for the remaining allegations relating to Plaintiff's alleged injuries/damages, Denied.  Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are denied and strict proof is demanded at Trial.

19.    Denied.  With respect to the allegations of negligence, carelessness and causation, those are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at Trial.  As for the remaining allegations relating to Plaintiff's alleged injuries/damages, Denied.  Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are denied and strict proof is demanded at Trial.

20.    Denied.  With respect to the allegations of negligence, carelessness and causation, those are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and strict proof is demanded at Trial.  As for the remaining allegations relating to Plaintiff's alleged injuries/damages, Denied.  Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph.  Therefore, the allegations are denied and strict proof is demanded at Trial.

21.    Denied.  With respect to the allegations of negligence, carelessness and causation, those are conclusions of law to which no response is required.  To the extent a response is

required, the allegations are denied and strict proof is demanded at Trial. As for the remaining allegations relating to Plaintiff's alleged injuries/damages, Denied. Answering Defendant is without sufficient knowledge or information as to the truth of the matter asserted in the corresponding paragraph. Therefore, the allegations are denied and strict proof is demanded at Trial.

22.    Denied. Answering Defendant is without sufficient knowledge of information to form a belief as to the truth of the matter asserted in the corresponding paragraph. Therefore, the allegations are denied and strict proof is demanded at Trial.

WHEREFORE, Answering Defendant Steven Oliver demands that judgment be entered in its favor, and against all other parties, together with attorneys' fees, costs, interest and all other damages this Honorable Court deems appropriate.

## COUNT II

23.    Answering Defendant incorporates by reference its Answers to Paragraphs 1 through 22 of Plaintiffs' Complaint as if set forth herein at length.

24.    Denied. Answering Defendant is without sufficient knowledge of information to form a belief as to the truth of the matter asserted in the corresponding paragraph. Therefore, the allegations are denied and strict proof is demanded at Trial.

25.    Denied. Answering Defendant is without sufficient knowledge of information to form a belief as to the truth of the matter asserted in the corresponding paragraph. Therefore, the allegations are denied and strict proof is demanded at Trial.

WHEREFORE, Answering Defendant Steven Oliver demands that judgment be entered in its favor, and against all other parties, together with attorneys' fees, costs, interest and all other damages this Honorable Court deems appropriate.

Case# 2022-16508-TCD Docketed at Montgomery County Prothonotary on 10/9/2022 3:21:44 AM. Fee: $0.00 The filed filed this document to the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records Public Access Policy that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-16508-TED Docketed at Montgomery County Prothonotary on 10/19/2023 2:44:44 PM, Fee=$0.00 The filed/electronically filed/printed/filed/identified Winfield Captain System of Record and filing/secured secured/secured certified filing certified/filed/certified/identified/identified/filed/certified/printed/documents/documents.

## NEW MATTER

26.     Answering Defendant incorporates by reference in Answers to Paragraphs 1 through 25 of Plaintiffs' Complaint as if set forth herein at length.

27.     Answering Defendant denies any and all liability for Plaintiff's alleged injuries/damages.

28.     Plaintiff assumed the risk of her own conduct and, as such, is barred from recovery against Answering Defendant pursuant to the Assumption of the Risk Doctrine.

29.     Plaintiff is barred from recovery pursuant to the Pennsylvania Comparative Negligence Act.

30.     Plaintiff's recovery must be reduced by the percentage of her liability (with all liability on the part of Answering Defendant being specifically denied) as per the Pennsylvania Comparative Negligence Act.

31.     Plaintiff's injuries and damages, to the extent any exist, which is expressly denied, are the result of pre-existing conditions and events, and not related or caused by the incident identified in Plaintiff's Complaint.

32.     Plaintiff's injuries and damages are the result of the acts or omissions of parties other than Answering Defendant, over whom Answering Defendant had no control, nor the right of control.

33.     Answering Defendant denies that there was a dangerous condition at the time and place alleged by Plaintiff.

34.     Plaintiff failed to mitigate her damages.

35.     The condition which Plaintiff alleges caused her to suffer injury, to the extent it existed, which is denied, is a transient condition.  Under Pennsylvania law, Plaintiff cannot establish that Answering Defendant created the condition; or that it had notice of the condition; or that it should be deemed to have constructive notice of said condition.  As such, Plaintiff cannot establish her burden of proof.

36.     Answering Defendant denies all liability but to the extent it is found liable, Plaintiff is barred from recovering any amount representing medical bills unless said amount is actually paid to a medical provider and found to be causally related, and medically necessary.

37.     If Answering Defendant was negligent, which is expressly denied, the acts or omissions of Answering Defendant alleged to constitute negligence were not factual causes or a substantial factor of the causes of action of which Plaintiff complains and did not result in Plaintiff's alleged injuries/damages.

38.     The incident and/or damages described in Plaintiff's Complaint may have been caused or contributed to by Plaintiff.

39.     Answering Defendant breached no duty owed to Plaintiff.

40.     Answering Defendant incorporates all defenses available to it pursuant to the Pennsylvania Rules of Civil Procedure.

41.     Answering Defendant denies that any condition of the premises caused Plaintiff's alleged fall.

42.     The doctrine of laches requires dismissal of Plaintiff's claims.

43.     Answering Defendant was a landlord out of possession at the time of the subject incident, and therefore, no responsible for Plaintiff's alleged injuries.

WHEREFORE, Answering Defendant demands that judgement be entered in its favor and against Plaintiff, together with attorney's fees, costs, interest and all other damages this Honorable Court deems appropriate.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:    */s/ Salvatore Vilardi*
       Salvatore Vilardi, Esquire
       Attorney for the Defendant
       Steven Oliver

Case# 2022-16508-TCD Docketed data Montgomery County Prothonotary on 10/28/2023 2:44 A.M Fee: $0.00 The filed file is filed originally with all provisions within the procedures of the Public Access Policy of the Unified Judicial System of Pennsylvania Cases Records Case Records Public Access and that it does not any filing or filing contain confidential information the court file by the court filed document of documents filed that do not confidential information to email documents.

## <u>VERIFICATION</u>

I, Steven Oliver, hereby certifies that the statements in the foregoing *Answer to Plaintiffs' Complaint with New Matter*, are true and correct to the best of my knowledge, information and belief, including information provided to me by employees of this organization.  This statement and verification are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false statements, I may be subject to criminal penalties.

10/11/22

Date: _____                    _____
                                                 Steven Oliver

*Elizabeth Ugbode and Bruce Ugbode v. Steven Oliver and Carol J. Mahoney*

## CERTIFICATE OF SERVICE

That counsel for the Defendant, Steven Oliver, hereby certifies that a true and correct copy of its *Answer to Plaintiff's Complaint with New Matter* has been served on all counsel of record, by electronic mail from the Court, according to the Pennsylvania Rules of Civil Procedure, on the 12th day of October 2022.

Jeffrey S. Gillman, Esquire
Goldenberg, Silverman, Gillman & Binder
1500 John F. Kennedy Blvd.
Suite 1506
Philadelphia PA 19102

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:     */s/ Salvatore Vilardi*
Salvatore Vilardi, Esquire
Attorney for the Defendant
Steven Oliver

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT "C"

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# INVOICE

**Newell Landscaping**          newell.landscaping@yahoo.com
671 S. Gulph Rd.               (484)213-4132
King of Prussia, PA 19406      www.getmowednow.com

## Steve Oliver

**Bill to**                    **Invoice details**
Steve Oliver                   Invoice no. : 142
360 Clothier Springs Road      Invoice date : 2/23/21
Phoenixville, PA 19460-2718    Due date : 2/23/21

| | Product or service | | Amount |
|---|---|---|---|
| 1. | **Snow Blowing** | 1 × $150.00 | $150.00 |
| | Safely perform snow blowing services on areas : driveway. 16 inch snow storm. Visited driveway twice to clear. 2/3/21 | | |
| 2. | **Spreading (ice melt)** | 1 × $100.00 | $100.00 |
| | Spread ice melt on areas : driveway and walkway | | |
| 3. | **Snow Blowing** | 1 × $100.00 | $100.00 |
| | Safely perform snow blowing services on areas : driveway. Small icy storm. Third of the season. | | |
| 4. | **Spreading (ice melt)** | 1 × $75.00 | $75.00 |
| | Spread ice melt on areas : driveway and walkway | | |
| 5. | **Snow Blowing** | 1 × $100.00 | $100.00 |
| | Safely perform snow blowing services on areas : driveway. 2/10/21 | | |
| 6. | **Spreading (ice melt)** | 1 × $75.00 | $75.00 |
| | Spread ice melt on areas : driveway and walkway | | |
| 7. | **Snow Blowing** | 1 × $150.00 | $150.00 |
| | Safely perform snow blowing services on areas : driveway. 2/19/21. Required to be cleared twice. | | |
| 8. | **Spreading (ice melt)** | 1 × $75.00 | $75.00 |
| | Spread ice melt on areas : driveway and walkway. Salted twice. 200 lbs of rock salt | | |
| 9. | **Snow Blowing** | 1 × $100.00 | $100.00 |
| | Safely perform snow blowing services on areas : driveway. 2/22/21 | | |
| 10. | **Spreading (ice melt)** | 1 × $75.00 | $75.00 |
| | Spread ice melt on areas : driveway | | |

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| **Total** | **$1,000.00** |
| Payment | -$1,000.00 |
| **Balance due** | **$0.00** |

**Paid in Full**

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT "D"

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA**

Elizabeth Ugbode and Bruce Ugbode

VS.                                    NO.   2022-16508

Steven Oliver and Carol J. Mahoney

### <u>NOTICE TO DEFEND-CIVIL</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19401

(610) 279-9660, EXTENSION 201

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

TO:    **ADDITIONAL DEFENDANT**

YOU ARE HEREBY NOTIFIED TO PLEAD TO THE ATTACHED **JOINDER COMPLAINT** WITHIN TWENTY (20) DAYS FROM SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.

*Salvatore Vilardi*
_____
Salvatore Vilardi, Esquire
CIPRIANI & WERNER, P.C

CIPRIANI & WERNER, P.C.
**Salvatore Vilardi, Esq.**
Attorney ID# 84718
450 Sentry Parkway, Suite 200
Blue Bell, PA  19422
(610) 567-0700
svilardi@c-wlaw.com

| | | |
|---|---|---|
| Elizabeth Ugbode and Bruce Ugbode, | : | COURT OF COMMON PLEAS |
| | : | MONTGOMERY COUNTY, |
| Plaintiffs, | : | PENNSYLVANIA |
| | : | |
| v. | : | NO:  2022-16508-0 |
| | : | |
| Steven Oliver and | : | |
| Carol J. Mahoney, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| v. | : | |
| | : | |
| Newell Landscaping | : | |
| 671 S. Gulph Road | : | |
| King of Prussia, PA  19406 | : | |
| | : | |
| Additional Defendant. | : | |

### DEFENDANT, STEVEN OLIVER'S, JOINDER COMPLAINT AGAINST ADDITIONAL DEFENDANT, NEWELL LANDSCAPING

Defendant, Steven Oliver, (hereafter "Joining Defendant"), by and through his counsel,

Cipriani & Werner, P.C., and Salvatore Vilardi, Esq., hereby files this Joinder Complaint against

Additional Defendant, Newell Landscaping, and in support thereof avers as follows:

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1.      Upon information and belief, Plaintiffs Elizabeth Ugbode and Bruce Ugbode, are adult individuals who reside at 114 Hurley Avenue, Aldan, PA 19018. See Plaintiffs' Complaint, attached as Exhibit A.

2.      Joining Defendant, Steven Oliver, is an adult individual who resides at 425 Little Brook Road, Berwyn, Pennsylvania.

3.      On the date of the incident alleged in Plaintiff's Complaint, Joining Defendant Steven Oliver, and Defendant Mahoney, owed the subject premises located at 1227 Rebel Hill Road, Conshohocken, Pennsylvania. Said property was leased to Horizon House, Inc. Answering Defendant's obligations regarding the property are subject to a lease in effect on the date of the incident.

4.      Upon information and belief, Additional Defendant, Newell Landscaping, a corporation or entity, is the vendor who performed snow and ice removal at the subject property during the date specified in Plaintiff's complaint.

5.      According to Plaintiffs' Complaint, Plaintiff Elizabeth Ugbode was employed by Horizon House on the date of the subject incident. See Exhibit "A," ¶6.

6.       Plaintiff Elizabeth Ugbode alleges that on February 3, 2021, she slipped on ice in the driveway of 1227 Rebel Hill Road, Conshohocken, Pennsylvania, and sustained personal injury. See Exhibit "A," ¶¶6-8.

7.      The Complaint asserts claims in negligence against Joining Defendant, as well as a claim for loss of consortium for Plaintiff-Spouse. See Exhibit "A."

8.      Joining Defendant denies all liability for the claimed incident. See Answer and New Matter of Joining Defendant, attached as Exhibit "B."

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

9.      At all times relevant hereto, Additional Defendant Newell Landscaping, had the sole responsibility, obligation, and duty to perform snow and ice removal services at the subject property.

10.     While all negligence on the part of Joining Defendant is denied, and further causation between the subject condition and Plaintiff's claimed injuries are denied, to the extent that any defective condition existed, it is Additional Defendant who is solely responsible for the alleged defect.

11.     Upon information and belief, to the extent that it may be proven that a defect existed, at or about the date, time, and place in question, and for some period of time prior thereto, Additional Defendant, acting individually, jointly, and/or by and through their agents, servants, franchises, workmen and/or employees negligently and/or carelessly allowed and permitted a dangerous and unsafe condition to exist, including but not limited to, the presence of snow and ice at the subject premises.

12.     All of Plaintiff's alleged losses, injuries, and damages, if any, were due solely to the negligence of Additional Defendant Newell Landscaping.

13.     The allegations of negligence by Joining Defendant have been denied. See Exhibit "B." For the purposes of this pleading only, Joining Defendant incorporates and adopts by reference herein Plaintiff's Complaint and pleads the same against Additional Defendant.  This adoption is for the sole and exclusive purpose of raising the within claims against Additional Defendants pursuant to Pa. R.C.P. 2252 of the Pennsylvania Rules of Civil Procedure, and, therefore, Joining Defendant does not admit to any of the averments set forth in Plaintiff's Complaint, which are denied herein.

**Count 1 – Negligence**

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**<u>Defendant Steven Oliver v. Newell Landscaping</u>**

14.    Joining Defendant incorporates by reference the preceding paragraphs of this Joinder Complaint, as if set forth in full.

15.    At all times relevant hereto, Additional Defendant owed a duty to Plaintiff to perform snow and ice removal from the driveway of the subject premises, removing hazardous conditions from said driveway.

16.    At all times relevant hereto, Additional Defendant was solely responsible for snow and ice removal on the subject driveway.

17.    If it is proven at trial that Plaintiff's claimed injury was the result of snow and ice accumulation on the driveway, which is denied, such a condition was a direct result of Additional Defendants' actions and/or inactions which constitute negligence as follows:

a.    Failure to maintain the driveway of the premises in a safe manner;

b.    Failure to discovery and rectify the dangerous accumulation of ice and/or snow on the subject driveway;

c.    Failure to take proper precautions to remedy the dangerous condition of the ice and/or snow on the subject driveway;

d.    Failure to warn Plaintiff regarding the accumulation of snow/ice on the subject driveway;

e.    Failure to use reasonable care to keep the driveway in a safe condition;

f.    Failure to make a reasonable inspection of the area which would have revealed the dangerous condition, the accumulation of snow and/or ice;

g.    Violating local statutes and/or ordinances requiring snow and ice removal;

h.    Failure to implement and/or execute a proper snow and ice removal program to maintain the driveway in a safe condition; and

i.    Failure to implement reasonable inspections of the subject premises.

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

18.     It is believed, and therefore averred, that any injuries and/or damages Plaintiff sustained, if proven to be true by competent evidence at trial, were caused and/or contributed to by the negligent acts and/or omissions of Additional Defendant, and as a result, that Additional Defendants are solely liable to Plaintiff as detailed above or otherwise.

**WHEREFORE**, Joining Defendant, Steven Oliver, respectfully requests this Honorable Court enter judgment in its favor and against all other parties, together with all interest and costs.

## COUNT II
## INDEMNITY AND CONTRIBUTION (COMMON LAW) AGAINST ADDITIONAL DEFENDANT, NEWELL LANDSCAPING

19.     Joining Defendant incorporates by reference the preceding paragraphs of this Joinder Complaint, as if the same were more fully set forth at length herein.

20.     It is believed, and therefore averred, that any injuries and/or damages Plaintiff sustained, if proven to be true by competent evidence at trial, were caused and/or contributed to by the negligent acts and/or omissions of Additional Defendant as described above, and as a result, that Additional Defendant are solely liable to Plaintiff and/or are liable over to Joining Defendant for indemnification and contribution at common law.

21.     If it is established at the time of trial that Joining Defendant was in any way negligent, which claim is hereby denied, Joining Defendant pleads, and therefore avers, that Additional Defendant, themselves, and/or acting through their agents, servants and/or employees, individually and each of them, in the course and scope of their agency, authority and/or employment, are solely liable to Plaintiff for the actions and/or omissions set forth in Plaintiff's Complaint and this Joinder Complaint, including all claims of negligence; or, in the alternative, Joining Defendant is entitled to indemnification and/or contribution as a result of Additional

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants' actions and/or inactions resulting in the Plaintiff's alleged accident, injuries and/or damages involved in this action.

    **WHEREFORE**, Joining Defendant, Steven Oliver, respectfully requests this Honorable Court enter judgment in its favor and against all other parties, together with all interest and costs.

    Respectfully submitted,

    CIPRIANI & WERNER, P.C.

By:   *Salvatore Vilardi*

       Salvatore Vilardi, Esquire
       Attorney for Defendant,
       Steven Oliver

Case# 2022-16508-18 Docketed at Montgomery County Prothonotary on 05/08/2023 11:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

That counsel for the Defendant, Steven Oliver, hereby certifies that a true and correct copy of its ***Joinder Complaint*** has been served on all counsel of record, by electronic mail from the Court, according to the Pennsylvania Rules of Civil Procedure, on the _____ day of May 2023.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:    *Salvatore Vilardi*

Salvatore Vilardi, Esquire
Attorney for the Defendant
Steven Oliver